UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HICA EDUCATION LOAN
CORPORATION,

       Plaintiff,

v.                                        Case No. 8:10-cv-2940-T-TBM

PAUL C. KERR,

       Defendant.
_____/

## O R D E R

THIS MATTER is before the court on **Plaintiff's Motion for Summary Judgment** (Doc. 21). Defendant, Paul C. Kerr, who is proceeding pro se, has failed to file a response in opposition, and thus, the motion is deemed unopposed.[1] *See* M.D. Fla. R. 3.01(b).

I.

The undisputed facts establish that Defendant, Paul C. Kerr, signed a promissory note on June 28, 1994, in the amount of $223,556.43, payable to the Student Loan Marketing Association (the Note). (Doc. 21-4). Defendant's signature appears on the face of the Note, and his Answer filed in the case (Doc. 8) does not deny that he signed the Note.

---

[1] Plaintiff's motion was filed November 18, 2011. When Defendant failed to file a response, the Court issued an Order to Show Cause on December 21, 2011, ordering Defendant to show cause why Plaintiff's motion should not be granted. (Doc. 22). The court's Order cautioned Defendant that a failure to so respond may result in the Plaintiff's Motion for Summary Judgment being deemed unopposed. To date, Defendant has neither responded or sought an extension to respond to the Plaintiff's motion or the Court's Show Cause Order.

Additionally, Plaintiff's request for admissions requested Defendant admit he signed the Note, and Defendant failed to respond. (Doc. 21-5 at 3). The proffered evidence further establishes that Plaintiff is the owner or holder of the Note. *See* (Docs. 21-4, 21-5, 21-6). Plaintiff has admitted that he defaulted under the terms of the Note by his failure to respond to requests for admissions. *See* (Doc. 21-5). Further, the affidavit of Robin Zimmermann, an employee of the servicing agent of Plaintiff, has declared that Defendant defaulted in his promise and agreement to repay the sums described in the Note as he has failed to make payments that are due and owing under the terms of the Note. (Doc. 21-6).

The Zimmermann affidavit establishes that the Note Principal in the amount of $275,729.39, remains unpaid; as of November 15, 2011, the interest that has accrued and remains unpaid totals $73,468.96; interest continues to accrue at a rate of $23.59 per day after November 15, 2011; late charges under the Note have accrued and remain unpaid in the amount of $1,212.96, as of November 15, 2011. (Doc. 21-6 at 2).

Defendant has presented no evidence to refute Plaintiff's proof.

## II.

The court shall grant summary judgment for the moving party only when "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court may look to "the pleadings, the discovery and disclosure materials on file, and any affidavits" in determining whether summary judgment is appropriate. Fed. R. Civ. P. 56(c). The movant bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case. *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 323 (1986); *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

Once the moving party satisfies its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324; *Howard v. BP Oil Co.,* 32 F.3d 520, 524 (11th Cir. 1994). The non-movant must designate specific facts showing a genuine issue for trial beyond mere allegations or the party's perception. *Perkins v. Sch. Bd. of Pinellas County*, 902 F. Supp. 1503, 1505 (M.D. Fla. 1995). It must set forth, by affidavit or other appropriate means, specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e)(2).

When deciding a motion for summary judgment, "[i]t is not part of the court's function . . . to decide issues of material fact, but rather determine whether such issues exist to be tried . . ." and "[t]he court must avoid weighing conflicting evidence or making credibility determinations." *Hairston*, 9 F.3d at 919 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)). The only determination for the court in a summary judgment proceeding is whether there exists genuine and material issues of fact to be tried. *Hairston*, 9 F.3d at 921; *see also Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997). All the evidence and inferences from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997).

III.

Recovery on a promissory note requires a showing that a defendant signed the note, the party seeking enforcement is the present owner or holder of the note, and that the note is in default. *See United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). Plaintiff has proven each element of its claim against Defendant, Paul C. Kerr, for Defendant's default on his student loan, and no question of disputed fact exists which would prevent summary judgment in Plaintiff's favor.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 21) is **GRANTED**. Plaintiff is directed to submit a proposed Judgment in its favor with updated interest calculations through the date of this Order and that is in a form and substance consistent with federal law and the requirements of the Department of Health and Human Services.

**Done and Ordered** in Tampa, Florida, this 27th day of January 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented parties